An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDRICA CHARLEE BALLARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65310

**FILED**

JAN 1 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a controlled substance with intent to sell, possession of a controlled substance, and conspiracy to violate the uniform controlled substances act. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Fredrica Charlee Ballard contends that the district court erred by denying her motion to suppress the marijuana underlying her convictions because it was discovered after an unconstitutional search of her home. "Searches conducted without a warrant issued upon probable cause are unreasonable unless shown to fall within a specific exception to the warrant requirement of the Fourth Amendment." *Sparkman v. State*, 95 Nev. 76, 79, 590 P.2d 151, 154 (1979). When reviewing a district court's resolution of a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. *State v. Lisenbee*, 116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000).

At the evidentiary hearing, law enforcement officers testified that they received a call regarding a domestic violence incident at Ballard's home. When they arrived, Ballard approached them and stated

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01498

that her sons had gotten into an altercation but had left the scene. Suddenly, one of Ballard's sons, William, emerged from the home scratched and bleeding. William explained that he had gotten into a fight with his brother, Daniel, who was hiding upstairs. The officers expressed concern regarding Daniel's condition and asked to check on him but Ballard refused, explaining that her two minor children were sleeping upstairs. The officers convinced Ballard to try and get Daniel to come down. Ballard called for her son, but he did not respond. The officers determined that entry of the home was necessary to evaluate Daniel's condition, as well as that of Ballard's minor children, and proceeded inside without a warrant.

The district court concluded that the entry of the home fell into the emergency exception to the warrant requirement and denied Ballard's motion to suppress. We agree. *See Hannon v. State*, 125 Nev. 142, 147, 207 P.3d 344, 347 (2009) (the emergency exception to the warrant requirement is applicable where an officer "had an objectively reasonable basis to believe that there was an immediate need to protect the lives or safety of themselves or others"). Although Ballard contends that there was no concrete evidence to prove that Daniel was injured, an officer need only have "an objectively reasonable basis" to believe a person may be in need of assistance. *Id.*; *Brigham City, Utah v. Stuart*, 547 U.S. 398, 406 (2006). In addition, although Ballard contends that the officers were motivated by a desire to arrest Daniel, "a law enforcement officer's subjective motivation is irrelevant." *Hannon*, 125 Nev. at 147, 207 P.3d at

347 (internal quotation marks omitted). We conclude that the district court did not err by denying Ballard's motion, and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Carolyn Ellsworth, District Judge
        Gary A. Modafferi
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]Ballard's fast track statement does not comply with the Nevada Rules of Appellate Procedure because it does not contain one-inch margins on all sides. *See* NRAP 3C(h)(1) (requiring fast track filings to comply with the formatting requirements of NRAP 32(a)(4)-(6)); NRAP 32(a)(4). We caution counsel that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).